IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PLANO CHAMBER OF COMMERCE *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR *et al.*, <br><br> Defendants. | Case No. 4:24-cv-468 |

### DEFENDANTS' ADVISORY

Defendants, the United States Department of Labor, Julie A. Su, in her official capacity as Acting Secretary of Labor, the Wage and Hour Division of the Department of Labor, and Jessica Looman, in her official capacity as Administrator of the Wage and Hour Division, hereby respond to the Court's Order (ECF No. 9) as follows:

1. The Court's Order indicates that "the Court anticipates . . . consolidating" *Plano Chamber of Commerce v. U.S. Department of Labor*, 4:24-CV-468 (E.D. Tex.) (filed May 22, 2024) (the "Business Organizations" case), with *Texas v. U.S. Department of Labor*, 4:24-CV-499 (E.D. Tex.) (filed June 3, 2024) (the "Texas" case), and requests the parties' "positions on consolidation and the proposed schedule for Texas's Injunctive Relief Motion." Order at 1-2. Defendants ask the Court to enter the jointly proposed schedule for Texas's motion. Because the Business Organizations have not moved for a preliminary injunction, Defendants respectfully request that the Court defer consolidation until after the Court rules on Texas's motion.

2. Both cases challenge *Defining and Delimiting the Exemptions for Executive,*

*Administrative, Professional, Outside Sales, and Computer Employees*, 89 Fed. Reg. 32842 (April 26, 2024) (the "EAP Rule"). As relevant here, the EAP Rule updates the salary level at which employees are exempt "executive, administrative, or professional" employees under the Fair Labor Standards Act. The EAP Rule has distinct salary updates, which become applicable at different times. On July 1, 2024, the salary level increases to $844 per week, using the methodology adopted by the 2019 EAP Rule, 88 Fed. Reg. 51230 (Sept. 27, 2019), updated with current wage data (the "wage growth update"). On January 1, 2025, the salary level will increase to $1,128 per week using a new methodology. On July 1, 2027, and every three years after, the salary level will increase according to the operative methodology to reflect current wage data.

3. The Court should enter the proposed schedule for Texas's Injunctive Relief Motion. That schedule is designed to allow the Court to rule on Texas's motion before the wage growth update takes effect on July 1.

4. The Business Organizations did not move for preliminary relief against the wage growth update. Instead, the parties to that case had preliminarily agreed to propose proceeding to expedited summary judgment and had discussed a briefing schedule that would conclude in September 2024, thereby allowing the Court to issue a final judgment before the EAP Rule's second salary update becomes applicable in January 2025.

5. Given the different procedural postures of the two cases, the Court should defer consolidation until after the Court rules on Texas's Injunctive Relief Motion. When considering consolidation, courts weigh a number of factors, and consolidation is disfavored when it would potentially result in prejudice, confusion, or delay. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. CIV.A. H-01-3624, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007); *see St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989-90 (5th Cir. 1983)

(noting that "[c]onsolidation is improper if it would prejudice the rights of the parties," and cautioning district court to consider "whether the interests of judicial economy and fundamental fairness to the parties support consolidation"). Here, Defendants have been preparing their response to Texas's Injunctive Relief Motion in anticipation of the expedited schedule that was jointly proposed by Texas and Defendants. Consolidation at this juncture would prejudice Defendants by altering the stakes of Texas's motion and the scope of a potential preliminary remedy, since the Business Organizations did not seek emergency relief. Indeed, the Business Organizations could not obtain such relief without filing their own motion, supported by evidence of harm to their members. *See Hall v. Hall*, 584 U.S. 59, 66 (2018) (explaining each "case[] consolidated under [Rule 42] retains its independent character"). Consolidation would therefore introduce uncertainty into the briefing and would potentially delay briefing and the Court's disposition of Texas's Injunctive Relief Motion. Even allowing the Business Organizations to submit a brief in support of Texas's motion would likewise prejudice Defendants at this stage because Defendants' response to Texas's Injunctive Relief Motion is due in only six business days under the parties' proposed schedule. *Cf. Nevada v. U.S. Department of Labor*, 218 F. Supp. 3d 520, 525 (2016) (in case consolidated in similar posture, the court "considered the Business Plaintiffs' summary judgment motion as an amicus brief in support of the preliminary injunction").

If the Court elects to consolidate the cases at this time, it should emphasize that with respect to relief—whether preliminary or final—and schedule, each case stands alone. *See id.*; *see also Leigh Ann H. v. Riesel Indep. Sch. Dist.*, 18 F.4th 788, 795 n.3 (5th Cir. 2021) (explaining the "traditional default rule that consolidation does not completely merge the constituent cases into one, but instead enables more efficient case management while preserving the distinct identities of the cases" (internal quotations omitted)).

| | |
|---|---|
| Dated: June 7, 2024 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>JULIE STRAUS HARRIS<br>Assistant Director, Federal Programs Branch<br><br>/s/ *Brian C. Rosen-Shaud*<br>BRIAN C. ROSEN-SHAUD<br>CHRISTINE L. COOGLE<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L. Street, NW<br>Washington D.C. 20005<br>(202) 305-7667<br>brian.c.rosen-shaud@usdoj.gov |